### WERCKMEISTER v. AMERICAN TOBACCO (

(Circuit Court, S. D. New York. March 23, 1905.

COPYRIGHT—ACTION TO RECOVER PENALTY FOR INFRINGEMENT—
   In a suit under Rev. St. § 4965 [U. S. Comp. St. 1901, 1 cover the penalty of $10 for each infringing copy of a cop} ing in defendant's possession, the judgment in a prior acti brought under the same section, in which plaintiff reco fringing sheets, is not evidence that they were found in de session, although it recites that such was the fact, since was not an issue, nor a finding upon it essential to a fori sheets.

At Law. On motion for new trial.

Antonio Knauth, for plaintiff.

William A. Jenner, for defendant.

WHEELER, District Judge. Section 4965, Rev. St. S. Comp. St. 1901, p. 3414], provides that, if any perso fringe a copyright in any of the ways specified—

"He shall forfeit to the proprietor all the plates on which the be copied, and every sheet thereof, either copied or printed, and s

forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported or exposed for sale; and in case of a painting, statue, or statuary, he shall forfeit ten dollars for every copy of the same in his possession, or by him sold or exposed for sale; one-half thereof to the proprietor and the other half to the use of the United States."

The plaintiff, as proprietor of a copyrighted picture called "The Chorus," brought replevin to recover 1,196 sheets of the same, as forfeited to him by the defendant, in which the marshal returned that he found the same in the possession of the defendant, and in which it was "adjudged that the plaintiff have and retain and is entitled to the possession of 1,196 sheets, each containing a copy of the plaintiff's copyrighted picture 'Chorus,' found in the possession of the defendant, and replevied by the United States marshal as alleged in plaintiff's complaint." This suit is brought to recover $10, as forfeited for each of these copies, as found in possession of the defendant. Upon the trial the plaintiff offered no evidence of the finding of any copies of the picture in the possession of the defendant but the record in the former case, whereupon a verdict for the defendant was directed, and this motion was made.

The plaintiff relies upon the recital in the former judgment as a conclusive adjudication that the sheets were found in the possession of the defendant. As to this it is to be noticed that there are, or may be thought to be, two distinct forfeitures imposed by this statute—one of the sheets, wherever found, to the proprietor; and the other of $10 to him and the United States for each sheet found in the possession of the defendant. In the former suit the material question would be as to whether there was infringement which would work a forfeiture of the title to the sheets, and the decision upon that may be so far conclusive. The question of finding in possession of the defendant was not material, but only incidental, and a finding upon that would not seem to be conclusive. It was not within the issue joined in the case upon which the parties would be bound to bring their proofs or afterwards remain silent concerning them, but was merely descriptive of the things forfeited and independent of that issue, and the finding upon it would not be material or conclusive. If this pecuniary forfeiture is only a part of the same forfeiture as that of the sheets, there could, on familiar principles, be but one recovery upon the one forfeiture; and, there having been one recovery of the sheets, the right of recovery would be satisfied, and there could not be another of the money. The decided cases do not seem to be in harmony about this, but, whichever are right, it seems clear that, if there is but one forfeiture, there has been one recovery, which is all there can be, and, if there are two, there are two different issues to be tried on evidence of facts constituting each forfeiture in each action, respectively. And if there are two forfeitures, there must be two actions, for the rights are different—one belonging to the proprietor alone, and the other to him and the United States. A judgment for the proprietor would not conclude the United States, and consequently not the defendant, for both parties must be concluded by an estop-

pel, or neither is. This was the view taken at the trial on which a verdict was directed for the defendant, and the learned argument for the plaintiff on this motion has not changed it.

Motion denied, and judgment on verdict.